**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO ESCOBAR-MEJIA, a.k.a. Roberto Escobar-Mejilla, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73027 <br><br> Agency No. A079-029-671 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Roberto Escobar-Mejia, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Escobar-Mejia testified that he was shot at one time and verbally threatened while working as a bus driver in Guatemala. Substantial evidence supports the agency's finding that Escobar-Mejia failed to establish past persecution or a well-founded fear of persecution on account of an actual or imputed political opinion or any other protected ground. *See Ochave v. INS*, 254 F.3d 859, 865-66 (9th Cir. 2001) (no nexus between rape by guerillas and a protected ground). Substantial evidence also supports the agency's finding that Escobar-Mejia failed to establish that the government is unwilling or unable to protect him. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (German police took reports and investigated incidents, but were unable to solve the crimes). Accordingly, Escobar-Mejia's asylum claim fails.

Because Escobar-Mejia failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

09-73027

Finally, substantial evidence supports the agency's denial of CAT relief because Escobar-Mejia failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**